IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00005-MOC-WCM

| | |
|---|---|
| ANNETTE GOETZ, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| COVIDIEN LP, ) | |
| COVIDIEN SALES LLC, ) | |
| COVIDIEN HOLDING INC., and ) | |
| MEDTRONIC, INC., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on a Renewed Motion to Remand filed by Plaintiff (the "Renewed Motion to Remand," Doc. 24).[1]

I.  Relevant Background

On June 14, 2023, Annette Goetz ("Plaintiff") filed a Complaint in the Superior Court of Henderson County, North Carolina against Covidien LP, Covidien Sales, LLC, Covidien Holding, Inc., Medtronic, Inc., and Medline

---

[1] Some courts have concluded that a motion to remand is dispositive under 28 U.S.C. § 636(b)(1)(A) and therefore a United States Magistrate Judge lacks the authority to address such a motion through a direct ruling. See e.g., Flam v. Flam, 788 F.3d 1043 (9th Cir. 2015); Davidson v. Georgia-Pacific, L.L.C., 819 F.3d 758, 765 (5th Cir. 2016). However, the Fourth Circuit has not addressed whether a magistrate judge may issue a direct order of remand, see Jonas v. Unisun Ins. Co., 230 F.3d 1352, 2000 WL 1350648 (4th Cir. 2000) (unpubl), and the "rule in this District as well as in many others is that a motion to remand is 'non-dispositive' and can therefore be determined by a magistrate judge as a final order pursuant to 28 U.S.C. § 636(b)(1)(A)." Drye v. Bankers Life and Cas. Co., No. 3:15CV115-MU, 2006 WL 2077562 at *2 (W.D.N.C. July 24, 2006).

1

Industries, Inc. Doc. 1-2.

On January 4, 2024, Plaintiff voluntarily dismissed her claims against Medline Industries, Inc. without prejudice. Doc. 1-3.

On January 5, 2024, Covidien LP, Covidien Holding, Inc., Covidien Sales, LLC, and Medtronic, Inc. (collectively, "Defendants") removed the case to this Court. Doc. 1.

On January 12, 2024, Defendants filed a Motion to Dismiss. Doc. 12.

Subsequently, Plaintiff filed a Motion to Remand (the "First Motion to Remand," Doc. 22). However, as the memorandum in support of the First Motion to Remand included Plaintiff's opposition to the Motion to Dismiss, Plaintiff was allowed to file a separate response to the Motion to Dismiss, as well as a renewed motion to remand, on or before February 2, 2024. Doc. 22.

On January 26, 2024, Plaintiff filed the Renewed Motion to Remand. Docs. 24, 25. Defendants have responded, and Plaintiff has replied. Docs. 27, 28.

II. Discussion

Federal district courts may exercise original subject matter jurisdiction when either (1) a complaint raises a federal question under 28 U.S.C. § 1331 or (2) the requirements for the amount in controversy and diversity of citizenship are met under 28 U.S.C. § 1332. In their Notice of Removal, Defendants assert that this Court may exercise subject matter jurisdiction over

Plaintiff's claims pursuant to 28 U.S.C. § 1332. Doc. 1.

Generally, a defendant wishing to remove a civil action from a State court must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

However, if, according to the initial pleading, the case is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Here, Plaintiff argues that it was clear from her Complaint that all named parties were completely diverse, and that, because all defendants were served by June 27, 2023, the 30-day period for Defendants to remove the case expired on July 27, 2023. Plaintiff argues that because Defendants filed the Notice of Removal on January 5, 2024, this matter must be remanded.[2]

---

[2] Plaintiff does not challenge Defendants' assertion that the parties are completely diverse and the amount in controversy requirement is met. Rather, Plaintiff argues that remand is required based on a procedural defect—namely, that the Notice of Removal was filed too late.

3

In response, Defendants contend that the removal was timely because "the initial pleading contained inaccuracies, ambiguities, and misnomers regarding the named Medline entity that were not resolved until Plaintiff voluntarily dismissed her claims against Medline." Doc. 27 at 1. Specifically, Defendants argue that, at the time Plaintiff filed her Complaint, Medline Industries, Inc. had been previously "converted" to Medline Industries, LP. Defendants reason that, because Medline Industries, Inc. was non-existent, it was unclear whether the parties were completely diverse. Defendants further assert that counsel advised Defendants that "Medline Industries LP – the only existing Medline entity – was a non-diverse party." Doc. 27 at 4.

However, assuming that, at the time Plaintiff's Complaint was filed, Medline Industries, Inc. was non-existent, some authorities indicate it would have been inappropriate to consider the citizenship of Medline Industries, Inc. for diversity purposes. See Newsom v. Caliber Auto Transfer of St. Louis, Inc., No. 09-954-GPM, 2009 WL 4506298, at *2 (S.D. Ill. Nov. 26, 2009) ("a defendant that is a non-existent business entity is not required to join in or consent to the removal of a case, nor is the citizenship of the non-existent entity considered for purposes of complete diversity of citizenship") (collecting cases).

Nonetheless, even if the citizenship of Medline Industries, Inc., is considered, Plaintiff's Complaint was clear in alleging the citizenship of the parties. It stated that Plaintiff is a citizen of North Carolina, that Defendants

4

(i.e., the Covidien entities and Medtronic, Inc.) are citizens of Delaware, Massachusetts, and Michigan, and that Medline Industries, Inc. "is an Illinois corporation with its principal place of business in Illinois." Doc. 1-2 at ¶¶ 1-7.[3]

Further, Plaintiff has submitted documentation indicating that Medline Industries, LP is a citizen of Illinois. See Doc. 25-1. Accordingly, even if Medline Industries, LP (rather than Medline Industries, Inc.) had been named as a defendant in the Complaint, the parties would remain completely diverse.[4]

"'The burden of establishing that removal is timely rests with the defendant.'" Huber Technology, Inc. v. Gowing Contractors Ltd., No. 3:18-cv-00525-RJC-DCK, 2019 WL 4491532, at *3 (W.D.N.C. Sept. 18, 2019) (quoting PurAyr, LLC v. Phocatox Techs., LLC, 263 F. Supp. 3d 632, 635 (W.D. Va. 2016) and citing Andrews v. Daughtry, 994 F. Supp. 2d 728, 732 (M.D.N.C. 2014) ("[B]ecause Plaintiffs have challenged the timeliness of [defendant]'s removal, [defendant] must demonstrate that his notice of removal was timely."); Tolley v. Monsanto Co., 591 F. Supp. 2d 837, 845 (S.D. W. Va. 2008) ("The burden of establishing that removal was timely is on the defendant."); McPhatter v. Sweitzer, 401 F. Supp. 2d 468, 472 (M.D.N.C. 2005) ("[T]he

---

[3] The Notice of Removal indicates that Plaintiff is a citizen of North Carolina, and that Defendants are citizens of Delaware, Massachusetts, Colorado, Wisconsin, and Minnesota, respectively. Doc. 1.

[4] While Defendants assert that counsel for Medline Industries, Inc. indicated that Medline Industries LP was "non-diverse," this point appears to be disputed. See Doc. 28 at 2.

burden is on Defendants to establish that they filed their [notice of removal] in a timely manner."); Brown v. Kearse, 481 F. Supp. 2d 515, 521 (D.S.C. 2007) ("Defendant bears the burden of establishing the right to removal, including compliance with the requirements of § 1446(b)."). Here, Defendants have not carried that burden. See Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997) ("we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper."); Rice v. Rutledge Road Associates, LLC, No. 1:15-cv-00269-MR, 2016 WL 7322790, at *2 (W.D.N.C. Dec. 15, 2016) ("As diversity jurisdiction was the sole basis for removal of this action and diversity jurisdiction clearly did not exist at the time of removal, this Court is without subject matter jurisdiction in this case and the case must be remanded to the state court....").

**IT IS THEREFORE ORDERED THAT** the Renewed Motion to Remand filed by Plaintiff (Doc. 24) is **GRANTED**, and this matter is **REMANDED** to the Superior Court of Henderson County, North Carolina.

Signed: April 1, 2024

W. Carleton Metcalf
United States Magistrate Judge